Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000378
01-FEB-2018
11:47 AM

NO. CAAP-17-0000378

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee,
v.
PHILIP BIKLE, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTI-16-016896)

ORDER GRANTING NOVEMBER 17, 2017 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee State of Hawaii's (State) November 17, 2017 motion to dismiss Defendant-Appellant Michael Bikle's (Bikle), pro se appeal, (2) the lack of any response by Bikle to the State's motion, and (3) the record, it appears that we lack appellate jurisdiction under Hawaii Revised Statues (HRS) § 641-1(a) (2016).

Bikle appeals from the Honorable Michael J. Udovic's March 30, 2017 order denying Bikle's motion to suppress evidence regarding the State's citation for the following four traffic violations in district court case number 3DTI-16-016896:

(1) no license plate on a motor vehicle in violation of HRS § 249-7 (2001 & Supp. 2016);

(2) delinquent vehicle tax in violation of HRS § 249-2 (Supp. 2016);

(3) operating a vehicle without a certificate of inspection in violation of HRS § 286-25 (2007); and

(4)    operating a vehicle without a certificate of registration in violation of HRS § 286-47 (2007).

Each violation is punishable by only a fine, and, thus, constitutes a "'[t]raffic infraction' . . . for which the prescribed penalties do not include imprisonment[.]" HRS § 291D-2 (2007). "No traffic infraction shall be classified as a criminal offense." HRS § 291D-3(a) (2007).

Under HRS Chapter 291D, a district court adjudicates a contested traffic citation pursuant to HRS § 291D-8 (2007) without holding a standard trial, but, if the district court adjudicates the citation in favor of the State, then "[t]he defendant may request a trial pursuant to the Hawaii rules of evidence and the rules of the district court[.]" HRS § 291D-13(a) (2007). After the district court enters the resulting judgment on the trial pursuant to HRS § 291D-13, Rule 19(d) of the Hawai'i Civil Traffic Rules provides that "[a]ppeals from judgments entered after a trial may be taken in the manner provided for appeals from district court civil judgments." HRS § 641-1(a) authorizes appeals from district court civil judgments as follows:

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted).

The district court has not yet held a trial pursuant to HRS § 291D-13, much less entered a final judgment, in the underlying case. Therefore, the March 30, 2017 order is an interlocutory order that is not eligible for appellate review until entry of an appealable final judgment. See State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) ("As a general rule, an appeal from a final judgment in a case brings up for review

all preceding interlocutory orders in the case.") (Citations omitted). Bikle's appeal is premature, and we lack jurisdiction to review the March 30, 2017 order.

Therefore, IT IS HEREBY ORDERED that the State's November 17, 2017 motion to dismiss Bikle's appeal is granted, and the appeal is dismissed.

DATED: Honolulu, Hawai'i,February 1, 2018.

Presiding Judge

Associate Judge

Associate Judge

-3-